White, J.
The relator is a life insurance company, organized under the laws of the state of Pennsylvania; and the question raised by the attorney-general on behalf of the defendant, is, whether it is entitled to do business in this state without complying with section 3604 of the Revised Statutes.
The business of life insurance in this state is regulated by statute. These regulations are found in chapter 10 of the Revised Statutes, commencing with section 3587, and in certain amendatory acts.
The relator, from the nature of its organization, claims to be exempt from the operation of section 3604, and to be entitled to carry on business in the state under section 3630, and section 3630 e, of the supplementary act of April 12,1880. 77 Ohio L. 181.
The character of the company or association authorized to do business under section 3630 is thus described in the section : “ A company or association may be organized for the purpose of mutual protection and relief of its members, and for the payment of stipulated sums of money to the families or heirs *10 of the deceased members of such company or association, and may receive money, either by voluntary donation or contribution, or collect the same by assessment on its members, . . . . ; and such association shall not be subject to the preceding sections of this chapter.”
It is companies and associations of this character alone that are exempt from the operation of the preceding sections of the act; and this exemption is allowed on account of the limited nature of the life insurance they are authorized to assume, being confined to insurance for the benefit of the families and heirs of members.
The exemption is not enlarged by the supplementary act of April 12,1880, already referred to. Section 3630 a of that act only embraces companies or associations organized under the laws of this state “ for the purpose of doing business under the provisions of section 3630, or for the purpose of doing such business as is contemplated by said section.”
The object of the act is to prescribe the regulations under which such companies or associations may do business, and to subject them to additional supervision.
Section 3630 e of the supplementary act does not enlarge the class of companies or associations, but merely prescribes what such companies or associations, organized under the laws of any other state, shall be required to do before they are permitted to do business in this state. They are required to comply with the laws of this state regulating like companies and-associations organized in this state, and obtain from the superintendent of insurance a certificate of such compliance.
The statute under which the relator is organized, and the by-laws under which its business is carried on, authorize it to engage in the business of “ insuring lives on the plan of assessments upon surviving members,” without other restrictions than that policy-holders shall have an interest in the lives of members.
Companies of this state cannot engage in the business of life insurance thus unrestricted, under section 3630 of the Re.vised Statutes; nor can companies organized under section ■3587 to insure lives “on the mutual or stock plan,” without *11 furnishing security for the assured, as provided in section 3593. The sectionTast named relates to domestic companies organized under section 3587; but the equivalent provision applicable to similar companies of other states is found in section 3604.
The law of comity which the relator invokes in support of his application, is fully satisfied when foreign companies áre permitted to do business in this state upon the terms prescribed for domestic companies.

The writ must therefore ie refused.

Okey, C. J., did not sit in this case.